[No. 762. Decided January 6, 1893.]

## In the Matter of JAMES H. ROSNER.

### MANDAMUS — SETTLING STATEMENT OF FACTS.

At the trial of defendant on the charge of committing an assault with a deadly weapon the court defined such a weapon as one likely to produce "death or injury," to which the defendant's attorney, immediately after the retirement of the jury, excepted on the ground that it was not a true definition. Upon taking an appeal a statement of facts was prepared and filed by defendant, from the notes taken by the court stenographer at the trial. In settling the statement the court inserted the words "great bodily" in the charge given by him, so as to make it read that a deadly weapon was one likely to produce "death or great bodily injury," claiming that the stenographer's report was erroneous, but an answer to defendant's petition for *mandamus* admitted defendant's attorney "excepted to the instruction and charge given in said cause in the manner and form set out" with regard to the definition of a deadly weapon. *Held*, That the fact that the attorney for defendant immediately called the attention of the court to the insufficiency of the definition and was allowed an exception on the ground of its insufficiency, will preclude any question as to whether the words "great bodily" were used or not.

*Original Proceeding in Mandamus.*

*Black & Leaming*, for petitioner.

*Albert S. Cole*, for respondent.

The opinion of the court was delivered by

STILES, J.— The petition in this matter shows that, at the trial of the petitioner on a charge of committing an assault with a deadly weapon, the court, in defining a deadly weapon, used this language:

"A deadly weapon is one likely to produce death or great bodily injury, and the question whether or not a weapon is a deadly one is a question of fact for the jurors to determine. You have to take into consideration all of the circumstances in the case, and if you find that the de-

fendant made an assault and did this with the intent to commit an injury to the person of the complaining witness, where no considerable provocation appears, and that this was done with a deadly weapon, or such a weapon that in the nature and manner in which it was used is likely to produce *death or injury* upon the complaining witness, then it is left with you to say whether it was a deadly weapon, from the facts and circumstances in the case.''

It also shows that immediately upon the retiring of the jury to deliberate upon their verdict, the attorney for petitioner arose and asked the presiding judge to grant petitioner an exception to that part of the charge in which the court defined and referred to a deadly weapon in language in effect that it was such a weapon as was likely to produce ''death or injury'' to the complaining witness; for the reason that, and on the ground that, the same is not, and was not, a true definition, and that the exception was then and there allowed by the court.

And it further shows that thereafter a statement of facts was prepared and filed and notice given for the settlement thereof, preliminary to the taking of an appeal from the judgment entered against the petitioner; which statement of facts consisted of the transcribed notes of one Van Orman, who acted as stenographer for the court in the trial of the cause.

And it is further shown that upon the application of the petitioner to the judge who tried the cause, to settle the statement, the judge, of his own motion, by interlineation, inserted in the notes of the stenographer, constituting the statement of facts, and in that part of the definition of a deadly weapon where the court referred to a deadly weapon as one which was likely to produce ''death or injury'' to the complaining witness, between the words ''or'' and ''injury'' the words ''great bodily.'' The answer of the judge to the petition and the order to show cause why the statement should not be settled here shows that the words in-

serted were in the charge as given, and that the stenographer's report is erroneous; but it admits that the attorney of the petitioner "excepted to the instruction and charge given in said cause in the manner and form set out in said paragraph 7;" that is, the exception with regard to the definition of a deadly weapon.

Affidavits have been filed in aid of the petition, and also to sustain the contention of the respondent that the words "great bodily" were actually used in the charge to the jury, but we shall not attempt to pass upon the force or effect of these affidavits. The fact, which is admitted, that the counsel for the petitioner, almost immediately after the charge was given, called the attention of the court to the insufficiency of the definition, and took and was allowed an exception on the ground of the insufficiency, ought, we think, to preclude any further question as to whether the words were used or not. It seems to us that it would not accord with any proper system of judicial procedure that counsel in a cause should, in so serious a matter as the charge to the jury, be allowed to take an exception in the specific manner in which it was taken in this instance, without objection by the court, and the truth or falsity of the matter excepted to be afterwards subject to controversy by affidavit. The order in this matter will be that, in the particular mentioned, the statement be settled as proposed by the petitioner.

Anders, C. J., and Hoyt, Scott and Dunbar, JJ., concur.